IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TINA GREGORY, individually, and
as mother of and next of kin for B.A.M.,
a minor; and B.A.M., individually,**

      Plaintiffs,

v.                                         **CIVIL ACTION NO.: 3:15-CV-129
(GROH)**

**UNITED STATES OF AMERICA;
CITY HOSPITAL, INC., d/b/a Berkeley
Medical Center; UNIVERSITY MEDICAL
CENTER; SHENANDOAH MEDICAL CENTER;
SHENANDOAH MIDWIFE, INC.; WEST
VIRGINIA UNIVERSITY HOSPITALS, INC.;**

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING UNITED STATES' MOTION TO DISMISS

Currently pending before the Court is the United States' Motion to Dismiss [ECF No. 5], filed on November 30, 2015. The Plaintiffs filed their Response on December 17, 2015, and on December 23, 2015, the United States filed its Reply. For the following reasons, the Court **DENIES** the Motion to Dismiss.

### I. Background

In May of 2013, Plaintiff Tina Gregory was a patient at Shenandoah Women's Health, a subdivision of Shenandoah Community Health Center located in Martinsburg, West Virginia. On May 26, 2013, Gregory, who was twenty-four weeks pregnant, went to the emergency room at Berkeley Medical Center ("BMC") in Martinsburg, West Virginia,

with a complaint of vaginal bleeding. Gregory was "briefly admitted" and given Terbutaline prior to discharge. Three days later, on May 29, 2013, Gregory returned to BMC with a complaint of continued vaginal bleeding and a large blood clot. According to the complaint, during the May 29, 2013 visit, "[r]adiology films showed a breech presentation," an "amniotic fluid index of 14.1 cm" and a low-lying placenta. Gregory reported that she felt painful pressure and designated the pain as a five out of ten. She was discharged that same day. On May 31, 2013, Gregory again went to BMC with a complaint of vaginal bleeding and abdominal cramping. According to the complaint, Gregory was experiencing contractions and was given Terbutaline. Gregory was discharged from BMC that day. On June 3, 2013, Gregory, then twenty-five weeks pregnant, traveled to Winchester Medical Center in Winchester, Virginia. Later that day, a Caesarean section was performed. Gregory's child, B.A.M., was born with cerebral palsy.

On April 27, 2015, the Plaintiffs filed an administrative claim with the Department of Health and Human Services ("DHHS"), and on July 30, 2015, they filed the above-styled action in the Circuit Court of Berkeley County, West Virginia. On October 20, 2015, the Plaintiffs filed their amended complaint. The amended complaint alleges that the Defendants committed medical malpractice by failing to provide the level of care required by the laws of West Virginia. Specifically, the amended complaint alleges that the Defendants fell below the standard of care by failing to hospitalize Gregory on May 29, 2013, and May 31, 2013; failing to ensure that Gregory would be seen by a physician considering her high-risk situation; failing to properly advocate for Gregory to stay in the hospital in light of her medical complications; and failing to provide the care needed by

2

both Gregory and B.A.M. Neither the original complaint nor the amended complaint raises a federal cause of action or names the United States as a defendant.

On November 23, 2015, the United States removed the case to this Court pursuant to the Federal Tort Claims Act ("FTCA"), and on November 24, 2015, the United States filed its notice of substitution for Shenandoah Valley Medical System, Inc.; Shenandoah Women's Health; Shenandoah Community Health Center; Consuela Cruden-Parham, MD; Lisa Wyatt, CNM; and Rebecca Pfender, CNM, C-C-NP. On November 30, 2015, the Court entered an order substituting the United States as a defendant.

In its motion to dismiss, the United States argues that the Plaintiffs failed to completely exhaust their administrative remedies prior to filing the instant cause of action as required under 28 U.S.C. § 2675(a), and therefore this Court does not have subject matter jurisdiction over the claims asserted against it. Specifically, the United States contends that the Plaintiffs did not wait six months and did not receive a final disposition on their administrative claim prior to filing this case in the Circuit Court of Berkeley County, West Virginia. In their response, the Plaintiffs aver that by the time the United States entered the case, the six-month requirement under 28 U.S.C. § 2675(a) had been satisfied, and thus jurisdiction is proper. In its reply, the United States reiterates that at the time the Plaintiffs filed their complaint in state court on July 30, 2015, six months had not yet passed since the filing of their administrative claim, and therefore they did not exhaust their administrative remedies.

## II. Applicable Law

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether it has jurisdiction, a court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

### B. Exhaustion of Administrative Remedies

Pursuant to 28 U.S.C. § 2675(a), a claim against the United States cannot be brought unless the plaintiff has first filed his claim with the appropriate federal agency and a final denial of the claim has issued. See McNeil v. United States, 508 U.S. 106, 111 (1993); Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). "The failure of an agency to make a final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." 28 U.S.C. § 2675(a). The exhaustion requirement under the FTCA is a "clear statutory command," McNeil, 508 U.S. at 113, and a district court's jurisdiction over FTCA claims must exist at the time of filing. See Plyler, 900 F.2d at 42; see also Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. 1981). Thus, a district court may not obtain jurisdiction over a pending cause of action asserting FTCA claims by holding it in abeyance until the agency issues a final disposition or the six-month period under 28 U.S.C. § 2675(a) runs. See, e.g., Plyler, 900 F.2d at 42.

### III. Discussion

The procedural history leading up to the United States' entry into this case is not in dispute. Rather, the present issue before the Court is on what date this case was initiated against the United States pursuant to 28 U.S.C. § 2675. In removal cases, courts are in disagreement regarding when an action is considered instituted against the United States for purposes of the FTCA's exhaustion requirement. Some courts hold that when a cause of action is filed in state court and the United States later removes the case to federal court pursuant to the FTCA, an action against the United States is instituted when the case is removed and the United States is substituted as a defendant. See Staple v. United States, 740 F.2d 766, 768 (9th Cir. 1984) ("[F]ederal court jurisdiction under section 2675(a) does not arise until after removal to district court, for only the[n] does the action become one against the United States."); Walters v. Mercy Hosp. Grayling, No. 13-cv-13282, 2013 WL 5775367, at *3 (E.D.Mich. Oct. 25, 2013) (stating that an action against the United States is instituted after the United States is substituted as a defendant).

Other courts hold that when a cause of action is filed in state court and later deemed to include claims arising under the FTCA, the action is considered instituted against the United States at the time of the state court filing. See Estate of George v. Veteran's Admin. Med. Ctr., 821 F. Supp. 2d 573, 580 (W.D.N.Y. 2011) (finding the date that the plaintiff filed its case in state court against the Veteran's Administration Medical Center to be the date that the action was instituted against the United States); Edwards v. District of Columbia, 616 F. Supp. 2d 112, 116 n.3 (D.D.C. 2009) ("[T]he question is not whether the initial complaint was explicitly based on FTCA jurisdiction but whether

that pleading advanced claims against the United States.") (internal quotation omitted) (quoting Schneider v. Kissinger, 310 F. Supp. 2d 251, 269 (D.D.C. 2004)).

Here, on July 30, 2015, the Plaintiffs filed their cause of action in state court against City Hospital, Inc.; University Health Care; Shenandoah Medical Center; Shenandoah Women's Health; Shenandoah Midwife, Inc.; Shenandoah Valley Medical System, Inc.; Consuela Cruden-Parham, MD; Lisa Wyatt, CNM; West Virginia University Hospitals, Inc.; and Rebecca Pfender, CNM, C-C-NP. On October 20, 2015, the Plaintiffs filed their amended complaint, naming the same defendants. The original and amended complaints do not name the United States as a defendant and do not assert violations of federal law. Furthermore, neither complaint sets forth claims that fall within the scope of the FTCA. In sum, it is not readily apparent that either complaint raises "claims against the United States" as a result of "'the negligent or wrongful act or omission of [an] employee of the Government while acting within the scope of his office or employment.'" See Schneider, 310 F. Supp. 2d at 269 (quoting 28 U.S.C. § 2675(a)). Specifically, it is not apparent that any of the defendants named in the state cause of action were subject to coverage under the FTCA due to receipt of federal grant money from the United States Public Health Service, or in light of their status as an employee of an entity receiving such federal grant money.[1] Therefore, the filing of the original and amended complaints in state court cannot be construed as actions against the United States for purposes of the FTCA's exhaustion requirement.

---

[1] Entities receiving federal funding under 42 U.S.C. § 254b, and employees thereof, are deemed employees of the Public Health Service throughout the calendar year during which funding is received. 42 U.S.C. § 233(g). Here, the United States filed a notice of substitution indicating that Shenandoah Valley Medical System, Inc.; Shenandoah Women's Health; and Shenandoah Community Health Center were entities receiving federal grant money from the United States Public Health Service pursuant to 42 U.S.C. § 254b or 254c, and Consuela Cruden-Parham, Lisa Wyatt and Rebecca Pfender were employees of those entities during the time of the events alleged in the complaint.

6

The earliest date that the instant case turned into a case against the United States pursuant to 28 U.S.C. § 2675(a) was the date on which it was removed from the Circuit Court of Berkeley County, West Virginia, to this Court. See Staple, 740 F.2d at 768. On November 23, 2015, the United States filed its notice of removal, indicating that Shenandoah Valley Medical System, Inc.; Shenandoah Women's Health; and Shenandoah Community Health Center were entities receiving federal funding pursuant to 42 U.S.C. § 254b or 254c, and Consuela Cruden-Parham, Lisa Wyatt and Rebecca Pfender were employees of those entities during the dates alleged in the complaint. The Plaintiffs filed their administrative claim with the DHHS nearly seven months earlier, on April 27, 2015. Meredith Torres, a Senior Agency Attorney for the DHHS, declared that as of November 18, 2015, a final decision on the Plaintiffs' administrative claim had not been reached. However, by October 27, 2015, six months had passed since the Plaintiffs filed their administrative claim. Thus, because the DHHS failed to make a final disposition of the Plaintiffs' claim within six months after it was filed, the Plaintiffs' claim was deemed to be finally denied on October 27, 2015. See 28 U.S.C. § 2675(a).

The United States removed the underlying cause of action to this Court on November 23, 2015—twenty-seven days after the Plaintiffs' claim was finally denied by the appropriate federal agency. Therefore, pursuant to and in accordance with 28 U.S.C. § 2675(a), the Plaintiffs exhausted their administrative remedies prior to initiating a claim against the United States.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the United States' Motion to Dismiss. ECF No. 5.

7

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** February 22, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE